**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
DANIEL TRIOLO,

                       Plaintiff,

     -against-

NASSAU COUNTY, NY and
DET. RICHARD C. LEE,

                       Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

CV 16-2085 (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiff Daniel Triolo ("Plaintiff") moves *in limine* for an Order precluding the admission of evidence, testimony, or suggestion at trial of Plaintiff's pre-incident history of arrests, incarcerations, or convictions. *See generally* Plaintiff's Memorandum of Law in Support of his Motion in Limine ("Pl.'s Mem.") [DE 27]. The County of Nassau and Detective Richard C. Lee (collectively, "Defendants") have not filed any opposition to the motion. For the following reasons, Plaintiff's motion is GRANTED.

**II.    BACKGROUND**

In this action, the following claims are proceeding to trial: false arrest in violation of the Fourth Amendment to the United States Constitution brought pursuant to 42 U.S.C. § 1983, and false arrest in violation of New York State law. *See* Joint Pre-Trial Memorandum ("JPTO") [DE 25] at 2. Plaintiff argues in his motion *in limine* that none of Plaintiff's three prior arrests and convictions – for burglary and assault in 1989 when Plaintiff was a minor and which was resolved through a youthful offender adjudication, and for two DWIs in 1993 which were

resolved through a guilty plea to driving while impaired in May 1994 – are probative of the issues involved in this trial, namely, whether or not Defendants had probable cause to arrest Plaintiff. Pl.'s Mem. at 1. Moreover, Plaintiff argues the evidence is inadmissible under Federal Rule of Evidence 609. *See id.*

**III.     MOTIONS *IN LIMINE*:  LEGAL STANDARD**

The purpose of a motion *in limine* "is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Gorbea v. Verizon New York, Inc.*, No. 11-CV-3758, 2014 WL 2916964, at *1 (E.D.N.Y. June 25, 2014) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)); *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005). When a party moves to preclude evidence by means of an *in limine* motion, the court is required to determine preliminarily under Federal Rule of Evidence 104 whether the evidence is admissible. *See Highland Capital Mgmt., L.P.*, 379 F. Supp. 2d at 467 (citing *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01–CV–3796, 2004 WL 1970144, at *4 (S.D.N.Y. Sept. 3, 2004)). "[O]nly when the evidence is clearly inadmissible on all potential grounds" should such evidence be excluded on a motion *in limine*. *Commerce Funding Corp.*, 2004 WL 1970144 at *4 (citing *Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94–CV–5520, 1998 WL 665138, at *3 (S.D.N.Y. Sept.25, 1998)); *accord Sec. Exch. Comm'n v. U.S. Envtl, Inc.*, No. 94–CV–6608, 2002 WL 31323832, at *2 (S.D.N.Y. Oct.16, 2002). Significantly, an *in limine* ruling "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the . . . proffer." *Highland Capital Mgmt., L.P.*, 379 F. Supp. 2d at 467 (quoting *Luce v. United States*, 469 U.S. at 41).

## IV. DISCUSSION

### 1. *Evidence of Plaintiff's Prior Arrests*

Plaintiff argues that the evidence of his arrests is not relevant under Federal Rule of Evidence 402 and is also inadmissible under Rule 404(b). The Court agrees. As to relevance, the Court sees no probative value in evidence of Plaintiff's prior arrests. *See Nibbs v. Goulart*, 822 F. Supp. 2d 339, 344 (S.D.N.Y. 2011) ("Because there is no allegation that the arresting officers were aware of [plaintiff's] arrest history on December 23, 2009, the Court agrees with plaintiff that his arrest history is irrelevant to the question of probable cause."). Additionally, the evidence of Plaintiff's prior arrests is inadmissible under Federal Rule of Evidence 404(b), which provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). Nor does the Court find that such evidence fits into the exceptions of Rule 404(b)(2), such as motive, opportunity, intent, etc. *See* FED. R. EVID. 404(b)(2). Finally, there is no impeachment value in the evidence of Plaintiff's prior arrests. *See Michelson v. United States,* 335 U.S. 469, 482 (1948) ("Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness."); *Nibbs*, 822 F. Supp. 2d at 344 (finding that plaintiff's "arrest history holds no value as impeachment material"); *see also Roguz v. Walsh*, No. 09-1052, 2013 WL 1498126, at *4 (D. Conn. Apr. 5, 2013) (explaining that, in addition to being inadmissible under Rule 608, "arrests are not admissible under Rule 609").

Because evidence of Plaintiff's prior arrests is neither admissible with respect to the claims at issue, nor admissible for impeachment purposes, this evidence shall be precluded from admission at trial.

## 2. *Evidence of Plaintiff's Prior Convictions*

Plaintiff also argues that evidence of Plaintiff's prior convictions is inadmissible under Federal Rule of Evidence 609. Under Rule 609(a)(2), evidence that a witness has been convicted of a crime involving "dishonesty or false statement" must be admitted regardless of the severity of the punishment or any resulting prejudice. FED. R. EVID. 609(a)(2). Rule 609(a)(2) is "restricted to convictions that bear *directly* on the likelihood that the defendant will *testify* truthfully (and not merely on whether he has a propensity to commit crimes)." *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (emphasis in original).

None of Plaintiff's convictions – burglary and assault, and driving while impaired – fall within the ambit of Rule 609(a)(2). To the contrary, since these convictions are more than 10 years old, Rule 609(b) is controlling here. Rule 609(b) "applies if more than 10 years have passed since the witness's conviction or release from confinement for it." FED. R. EVID. 609(b). In such circumstances, "[e]vidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." *Id.* Evidence of Plaintiff's prior convictions clearly fails the first prong. Moreover, Defendants have not opposed Plaintiff's motion *in limine* and consequently have not demonstrated how the probative value "substantially outweighs its prejudicial effect." Nor have the Defendants given any notice of an intent to introduce such evidence at trial. As a result, evidence of Plaintiff's prior convictions are precluded from admission at trial.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion *in limine*, and any evidence of Plaintiff's prior arrests or convictions shall be precluded from admission at trial.

**SO ORDERED.**

Dated: Central Islip, New York
November 30, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge